```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

DAVID O'KANE,

              Petitioner,

   -vs-

ROBERT A. KIRKPATRICK

              Respondent.

**DECISION AND ORDER**
**No. 09-CV-6400T**

_____

## I. Introduction

*Pro se* Petitioner David O'Kane ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered March 22, 1994, in New York County Supreme Court, convicting him, after a jury trial, of Criminal Sale of a Controlled Substance in the Third Degree (N.Y. Penal Law ("Penal Law") § 220.39) and Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16 [1]). Petitioner was sentenced, as a second felony offender, to concurrent, indeterminate prison terms of from five to ten years on each count. By operation of law, this sentence ran consecutively with the undischarged portion of his sentence from an unrelated 1990 conviction. Petitioner is also in state custody from two judgments entered on July 8, 2004, in New York County Supreme Court, convicting him, upon pleas of guilty, of Criminal Possession of a

Controlled Substance in the Fourth Degree (Penal Law § 220.09) and Criminal Sale of a Controlled Substance in the Fifth Degree (Penal Law § 220.31). Petitioner was sentenced, as a second felony offender, to an indeterminate prison term of from three to six years on the possession count and a concurrent, indeterminate prison term of from two and one-half to five years on the sale count. These sentences were ordered to run concurrently with each other, but, by operation of law, ran consecutively with the undischarged portion of Petitioner's sentence from his 1994 conviction.

In the instant petition, Petitioner challenges the parole delinquency date set by the Division of Parole ("DOP") following his 2004 conviction. For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II. Factual Background and Procedural History**

    **A.  Petitioner's Convictions and Parole Violations**

On August 26, 1993, in Manhattan, Petitioner and an accomplice sold 50 vials of crack cocaine to an undercover police officer. See People v. O'Kane, 224 A.D.2d 182 (1st Dep't 1996); lv. denied, 88 N.Y.2d 939 (1996). Petitioner was arrested and subsequently convicted, upon a jury verdict, of third-degree sale and third-degree drug possession. On March 22, 1994, Petitioner was sentenced, as a second felony offender, to concurrent, indeterminate prison terms of from five to ten years on each count.

See 1994 Sentence and Commitment Order at Resp't Ex. A. By operation of law, Petitioner's sentence ran consecutively with the undischarged portion of his sentence on an unrelated 1990 conviction.[1]  See Penal Law § 70.25 [2-a]. After accounting for his jail time credit, the Department of Corrections ("DOCS") calculated Petitioner's maximum expiration date to be August 14, 2006. See Certificate of Release at Resp't Ex. C.

On September 3, 1998, Petitioner was released to parole supervision. Id. On April 13, 1999, in Manhattan, Petitioner was arrested after selling a controlled substance to an undercover police officer. See April 28, 1999 Violation of Release Report at Resp't Ex. D. As a result of the arrest, DOP issued a parole violation warrant; however, at the May 17, 1999 preliminary parole hearing, a finding of no probable cause was issued because the arresting officer was not available to testify. Thus, DOP declared that there was no delinquency finding pending court action on the open arrest. See Board Action Report at Resp't Ex. E.

Thereafter, Petitioner stopped reporting to his parole officer and failed to appear in court on the April 1999 arrest. The court issued a bench warrant for his arrest and, on August 19, 1999, DOP declared Petitioner delinquent as of July 1, 1999 and filed a parole violation detainer warrant. Petitioner was arrested on

---

[1] On January 10, 1990, Petitioner was sentenced, as a second felony offender, to an indeterminate prison term of from three and one-half years to seven years following his conviction of Burglary in the Third Degree (Penal Law § 140.20). See 1990 Sentence and Commitment Order at Resp't Ex. B.

-3-

August 7, 2003 and was served a notice of violation. See Notice of Violation at Resp't Ex. F.  On December 3, 2003, Petitioner obtained a court order from the Bronx County Supreme Court vacating the parole detainer warrant and nullifying any declaration of delinquency associated with it.  Petitioner was also ordered released from custody and restored to parole supervision. See Resp't Ex. G.

On January 7, 2004, in Manhattan, police officers observed Petitioner handling small objects to individuals on a street corner.  The police approached Petitioner and recovered 50 ziplock bags of cocaine from inside his jacket pocket. See January 15, 2004 Violation of Release Report and Case Summary at Resp't Ex. H. On July 8, 2004, Petitioner pleaded guilty to fourth-degree drug possession in connection with the January 7, 2004 arrest.  He was sentenced, as a second felony offender, to an indeterminate prison term of three to six years.  That same day, Petitioner also pleaded guilty to fifth-degree drug sale in connection with his April 13, 1999 arrest.  He was sentenced, as a second felony offender, to an indeterminate prison term of from two and one-half to five years. Petitioner's sentences were ordered to run concurrently with each other. See 2004 Sentence and Commitment Orders at Resp't Ex. I. By operation of law, however, Petitioner's sentences ran consecutively with the undischarged portion of his 1994 conviction. See Penal Law § 70.25 [2-a].

Petitioner was credited for the six months he had spent in jail from the time of his latest arrest until he was received by DOCS. DOP declared Petitioner delinquent as of April 13, 1999, based on his arrest that later resulted in his conviction.[2] As a result, DOCS calculated Petitioner's maximum expiration date to be May 5, 2017. In a letter dated September 19, 2005, DOCS notified Petitioner that his delinquency date was set at April 13, 1999. The letter stated that Petitioner's delinquency date had been incorrectly set at January 7, 2004, but was re-adjusted to April 13, 1999, to reflect the earliest date that resulted in Petitioner's parole violation. See Resp't Ex. L.

**B.   The State Habeas Proceeding**

On November 11, 2006, Petitioner filed a state petition for a writ of habeas corpus in the Chautauqua County Supreme Court on the basis that: (1) he was denied his right to a timely final parole revocation hearing following his January 7, 2004 arrest; and (2) his parole delinquency date was improperly set at April 13, 1999 instead of January 7, 2004, and, as a result, his maximum expiration date did not reflect the credit he earned for the time that he was on parole. See Resp't Ex. M. On January 26, 2007, the

---

[2] On July 21, 2004, DOP informed Petitioner that his delinquency date was set at April 13, 1999. See Resp't Ex. J. On August 23, 2004, DOCS calculated Petitioner's maximum expiration date to be May 5, 2017, based on the April 1999 delinquency date. Then, on February 10, 2005, DOP changed Petitioner's delinquency date to January 7, 2004, and Petitioner's maximum expiration date was adjusted to August 11, 2012. On August 22, 2005, DOP reset Petitioner's parole delinquency date back to April 13, 1999, and his maximum expiration date was again set to May 5, 2017. See Resp't Ex. K.

Chautauqua County Supreme Court summarily dismissed the petition. See Resp't Ex. O.[3]

**C.    The Article 78 Proceeding**

On May 18, 2007, Petitioner filed an Article 78 petition in the Erie County Supreme Court, alleging that his parole revocation date was improperly set for April 13, 1999 instead of January 7, 2004, and, as a result, he did not receive credit for the time that he was on parole. See Resp't Ex. P.

Respondent moved to dismiss the Article 78 petition on the ground that Petitioner had a state habeas petition pending in Chautauqua County raising the same issues. Respondent argued that the Chautauqua County Court's decision on the state habeas petition would determine the issues raised in the Petitioner's Article 78 Petition. See Resp't Ex. Q. Apparently responding to Respondent's motion to dismiss in what Petitioner labeled a motion for reargument and reconsideration, Petitioner argued that the state habeas petition has already been decided, but that the court failed to explain why it had dismissed the petition. See Resp't Ex. R. Respondent filed a reply, stating that it was unaware that the Chautauqua County Supreme Court had dismissed Petitioner's state habeas petition. However, Respondent argued, because the issues raised in the state habeas petition were the same as those raised

---

[3] It does not appear that Petitioner appealed the Chautauqua County Supreme Court's denial of his state habeas petition. Petitioner does not argue that he did so, and there is nothing in the record that evidences that he did.

in the Article 78 proceeding, the latter petition should be dismissed. See Resp't Ex. S.

On December 10, 2007, the Erie County Supreme Court denied Petitioner's Article 78 petition. See Resp't Ex. T. The court found that the file revealed that, while no probable cause was found at the parole violation hearing following Petitioner's April 13, 1999 arrest because the arresting officer was not available to testify, Petitioner was ultimately convicted of the crime upon which his arrest was based. See Resp't Ex. T at 1-2. Thus, the court concluded, "the delinquency finding which resulted in the addition of the time he complains of is correct and the calculation of his Maximum Expiration date and earliest Conditional Release date are correct." Ex. T at 2.

On December 14, 2007, Petitioner filed a notice of appeal to the Appellate Division, Fourth Department. See Resp't Ex. U. However, Petitioner never perfected the appeal, and, pursuant to 22 N.Y.C.R.R. § 1000.12 [b], his appeal was deemed dismissed for failure to perfect it within nine months of service of the notice of appeal. On November 11, 2008, Petitioner filed, but did not serve, a motion asking the Appellate Division to grant him permission to proceed as a poor person and to vacate the dismissal of the appeal. On December 16, 2008, the Appellate Division denied Petitioner's request, with leave to renew upon a showing of sufficient facts so that the merits of Petitioner's claims could be

ascertained and proof of service on the Attorney General and the Erie County Attorney.  See Resp't Ex. V.

Petitioner filed a second motion, dated December 23, 2008, renewing his request to proceed as a poor person, to have counsel assigned to his case, and to vacate the dismissal of the appeal. See Resp't Ex. W.  On January 26, 2009, the Appellate Division denied that motion on the grounds that Petitioner again failed to set forth sufficient facts so that the court could ascertain the merits of his claims and because Petitioner failed to provide proof of service on the Attorney General and the Erie County Attorney. See Resp't Ex. X.

Petitioner sought leave to appeal the Appellate Division's denial of his motion to vacate the dismissal of the appeal to the New York Court of Appeals on the grounds that the Erie County Supreme Court improperly denied his Article 78 petition.  See Resp't Ex. Y.  Respondent filed a brief opposing Petitioner's leave application.  See Resp't Ex. Z.  On May 7, 2009, the New York Court of Appeals dismissed the motion on the ground that the Appellate Division's order did not finally determine the proceeding.  See Resp't Ex. AA.

**D.   The Federal Habeas Corpus Petition**

On or about August 6, 2009, Petitioner filed the instant habeas petition in which he argues that his parole revocation date was improperly set at April 13, 1999 instead of January 7, 2004,

and, as a result, his maximum expiration date did not reflect the credit he earned for the time that he was on parole. See Pet., Grounds 1-11 (Dkt. No. 1); Reply at 1-7 (pages unnumbered in original) (Dkt. No. 16); Supplementary Reply (Dkt. Nos. 17, 20) parole.[4]

### III. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984). The exhaustion requirement applies equally to habeas actions challenging the execution of a sentence and parole

---

[4] Subsequent to the filing of the habeas petition, Petitioner filed two motions to amend, which are currently pending before this Court. Dkt. Nos. 17, 20. Despite Petitioner's designation of these motions as "motions to amend," he does not seek to amend the habeas petition to include additional claim(s). Rather, he seeks to "amend" the habeas petition "to add more statements of facts and caselaw" in support of the claim he raised in the habeas petition. Dkt. No. 17. To the extent Petitioner seeks only to supplement the existing claim raised in the habeas petition by way of these motions, the Court liberally construes these motions, collectively, as a supplementary reply (hereinafter "Supplementary Reply") to Petitioner's Reply (Dkt. No. 16), which he filed in response to the Respondent's Memorandum in Opposition (Dkt. No. 17). In doing so, the Court will consider the Supplementary Reply in deciding the instant habeas petition.

revocations.  See Washington v. Thomas, 03 Civ. 363 (TPG), 2003 U.S. Dist. LEXIS 9016, *1-*2 (S.D.N.Y. May 29, 2003); see also D'Joy v. New York State Div. of Parole, 127 F.Supp.2d 433, 442 (S.D.N.Y. 2001).

To exhaust a claim challenging a parole decision, a petitioner must first file an administrative appeal with the DOP's Appeals Unit.  See Desire v New York State Div. of Parole, 00 Civ. 5514, 2001 U.S. Dist. LEXIS 13784, *6 (S.D.N.Y. Aug. 22, 2001).  If that appeal is denied, he must seek relief in state court under Article 78 of the New York Civil Practice Law and Rules.  See id.  And, even if Article 78 relief is denied, the claim is still unexhausted unless Petitioner appeals the denial to the Appellate Division, see Morel v. Thomas, 02 CV 9622 (HB), 2003 U.S. Dist. LEXIS 10935, *5, n.3 (S.D.N.Y. June 26, 2003), and seeks leave to appeal to the New York Court of Appeals.  Tatta v. Miller, 05-CV-1205 (FB) (MG), 2005 U.S. Dist. LEXIS 25127, *5 (E.D.N.Y. Oct. 27, 2005).  As discussed below, Petitioner's claim is unexhausted.

**IV.  Petitioner's Claim**

In his petition for habeas relief, Petitioner argues that DOP improperly set his parole delinquency date at April 13, 1999 instead of January 7, 2004.  Petitioner argues that, even though he was arrested on April 13, 1999 while under parole supervision, DOP could not use that date as his parole delinquency date because, after a preliminary hearing was held with regard to that arrest,

DOP issued a finding that there was no probable cause. DOP, therefore, stated that it would not declare Petitioner delinquent with respect to that arrest. Petitioner claims that DOP's subsequent decision to use the April 13, 1999 arrest as his parole delinquency date improperly increased the maximum expiration date of his sentence. See Pet., Grounds 1-11; Reply 1-7. As discussed below, this claim is unexhausted. Nonetheless, because Petitioner no longer has a state court forum within which to exhaust his claim, the Court deems it exhausted and procedurally defaulted.

Here, Petitioner does not appear to have filed an administrative appeal with DOP's Appeals Unit.[5] Rather, he raised this claim in an Article 78 petition before the Erie County Supreme Court. The Erie County Supreme Court rejected Petitioner's claim, finding that while no probable cause was found at the parole violation hearing following Petitioner's April 13, 1999 arrest, Petitioner was ultimately convicted of that crime. The court thus concluded that, "the delinquency finding which resulted in the addition of the time he complains of is correct and the calculation of his Maximum Expiration date and earliest Conditional Release

---

[5] The parties dispute whether an administrative appeal was filed. See Resp't Mem. of Law at 10; Reply at 9. There is no evidence in the record that such an administrative appeal was, in fact, ever filed. Rather, the record reflects that Petitioner filed a grievance with DOCS on or about March 26, 2007 regarding the calculation of his maximum expiration date. DOCS denied the grievance and informed Petitioner that if he believed that his parole delinquency date was incorrect, he should pursue an administrative appeal with DOP. See Inmate Grievance Program Report dated 05/02/07 at Resp't Ex. P, Attach. No subsequent administrative appeal appears to have been filed.

date are correct." See Resp't Ex. T at 1-2.  Petitioner subsequently filed a notice of appeal, but failed to perfect it. As a result, the Appellate Division dismissed the appeal. Petitioner twice failed to submit sufficient information to permit the Appellate Division the opportunity to review his motion to vacate the dismissal of the appeal; he also failed to provide the court with sufficient proof of service of his motion papers to the Attorney General's Office and the Erie County Attorney. See Resp't Exs. V, X.  Thus, the Appellate Division twice dismissed his motion to vacate the dismissal of the appeal and the merits of his claim were never considered by the Appellate Division or the New York Court of Appeals.  Since Petitioner's claim was not presented to the highest state court from which a decision could be had, his habeas claim is unexhausted for purposes of federal habeas review.[6]

Because Petitioner cannot return to the state court to pursue the appeal of his failed Article 78 petition, his habeas claim is unexhausted, but deemed exhausted and procedurally defaulted. See Robles v. Williams, 02 Civ. 6102 (PAC) (DCF), 2007 U.S. Dist. LEXIS 62052, *7 (S.D.N.Y. Aug. 22, 2007) (citing Bossett v Walker, 41 F.3d 825, 828 (2d Cir. 1994)).  Despite the procedural default,

---

[6] As discussed above at footnote 3, it does not appear that Petitioner appealed the County Court's denial of his state habeas petition either. In any event, even if he had, under New York law, the appropriate challenge to a parole determination is made pursuant to Article 78. See People ex rel. Justice v. Russi, 226 A.D.2d 821 (3d Dept. 1996); People ex rel. Quartararo v. Demskie, 238 A.D.2d 792 (3d Dept. 1997).

this Court may review the merits of Petitioner's claim if he can show "cause" for his failure to appeal the denial of his Article 78 petition and "actual prejudice" resulting therefrom, or, that failure to review the claim will result in a "fundamental miscarriage of justice." See Murray v. Carrier, 477 U.S. 478, 485, 496 (1986). Petitioner makes no showing of cause and prejudice for the procedural default. Moreover, Petitioner has not demonstrated that this Court's failure to review the claim will result in a fundamental miscarriage of justice.

Even, *assuming arguendo*, Petitioner could overcome the procedural default, his claim would still not provide a basis for habeas relief. Petitioner argues that his parole delinquency date was incorrectly set at April 13, 1999. This claim is purely a matter of state law and, as such, is not cognizable by this Court sitting in habeas review. It is well-established that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"). The manner in which DOP determines a parolee's delinquency date is governed exclusively by New York law. See 9 N.Y.C.R.R. § 8004.3 [a], [b]; see also Penal Law § 70.40 [3][a].[7]

---

[7] Penal Law § 70.40 [3][a] states: "When a person is alleged to have violated the terms of presumptive release or parole and the state board of parole has declared such person to be delinquent, the declaration of delinquency shall

The determination of this issue does not implicate federal concerns and, as such, is not cognizable on habeas review. See Davidson v. David, 06 cv 7676, 2008 U.S. Dist. LEXIS 97866, *6 (S.D.N.Y. Dec. 2, 2008) ("Because Davidson's jail-time credit and delinquency date were matters of New York state law, this Court cannot review those determinations.").

In sum, Petitioner's claim is procedurally defaulted and is dismissed on that basis.  Even if the claim was not procedurally defaulted, it is not cognizable by this Court on federal habeas review.

**V.   Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed.  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

---

interrupt the persons's sentence as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under the jurisdiction of the state department of correctional services."

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    June 20, 2011
          Rochester, New York